IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| JESSIE DANIEL ROBARDS )<br>*In re TRS, TDR, TCR* )<br>and )<br>TAMARA LASHAE ROBARDS )<br>*In re TRS, TDR, TCR* )<br>)<br>Petitioners, )<br>)<br>v. )<br>)<br>DCS COOKEVILLE, )<br>)<br>Respondent. ) | No. 2:25-cv-00011 |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a pro se petition for habeas corpus relief under 28 U.S.C. § 2241 filed by Petitioners Jessie Daniel Robards and Tamara Lashae Robards, parents to minor children TRS, TDR, and TCR. (Doc. No. 1).

### I. ALLEGED FACTS

The petition alleges that, on July 31, 2021, TSR was born at a hospital, where a drug test conducted on Petitioner and mother Tamara Robards indicated negative results for all illegal substances. Despite these negative results, the doctors erroneously concluded Tamara Robards had used drugs. This conclusion led to the removal of TSR by Tennessee Department of Children's Services ("DCS") without due process.

When Ms. Robards delivered her second child, TDR, both the mother and TDR were drug tested, and both tests were negative. Even so, DCS removed TDR, citing exigent circumstances and Jessie's refusal to submit to a drug screen. DCS attempted to put TDR up for

1

adoption, but the petition to terminate parental rights was voluntarily dismissed by the State. Nevertheless, DCS did not return TDR to Petitioners.

Petitioners delivered their third child, TCR, in North Carolina. Both mother and child tested negative for drugs. Tennessee DCS eventually removed the child, claiming that TCR tested positive for an extremely high level of methamphetamines, a claim which Petitioners assert is fabricated. (Doc. No. 1).

Petitioners ask the Court to issue a writ of habeas corpus ordering the immediate return of TSR, TDR, and TCR to their care. (Id.).

## II. STANDARD FOR PETITIONS UNDER 28 U.S.C. § 2241

This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. Brown v. Gilley, No. 6:23-106-GFVT, 2023 WL 4748174, at *1 & n.1 (E.D. Ky. June 25, 2023) (citing Alexander v. Northern Bureau of Prisons, 419 Fed. App'x 544, 545 (6th Cir. 2011)). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.[1]

The federal habeas statute gives this Court jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also 28 U.S.C. § 2254(a). The Supreme Court has clarified "that the habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)).

---

[1] The Rules Governing 2254 Cases ("Habeas Rules") apply to habeas petitions under 28 U.S.C. § 2241. See Williams v. Holloway, No. 2:14-cv-02652-STA-tmp, 2016 WL 1058017, at *4 n.2 (W.D. Tenn. Mar. 14. 2016).

"The 'in custody' requirement for purposes of §§ 2241 and 2254 does not encompass disputes regarding legal custody of children." Shaffer v. Griffith, No. 1:23-cv-398, 2023 WL 3643345, at *2 (W.D. Mich. May 25, 2023) (citing Lehman v. Lycoming Cnty. Children's Agency, 458 U.S. 502, 510, 515-16 (1987) ("Although a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody.")).

### III. ANALYSIS

Here, Petitioners seek to use Section 2241 to relitigate, through federal habeas corpus, not any liberty interest of their children, but the interest in their own parental rights.[2] For example, Petitioners allege "[t]he actions of Tennessee DCS violate the plaintiffs' and their children's Fourteenth Amendment rights by depriving them of life and liberty without due process." (Doc. No. 1 at PageID# 3). But "[s]uch constitutional violations are not remediable by way of a habeas petition. Habeas is exclusively a remedy for a petitioner who challenges the fact or duration of custody and seeks an immediate or speedier release." Shaffer, 2023 WL 3643345, at *4 (citing Heck v. Humphrey, 512 U.S. 477, 481 (1994)). Petitioners are not in custody, and Section 2241 does not confer federal court jurisdiction here. See Lehman, 458 U.S. 502, 510, 515-16

---

[2] Last year Petitioners filed a Section 1983 action in this Court in which they sought an emergency injunction for the safe return of TSR, TDR, and TCR. See Jesse Daniel Robards and Tamara Leshae Robards v. Herbert H. Slatery, et al., No. 2:24-cv-00052 (M.D. Tenn. filed 7/25/2024) (Crenshaw, J.) (father's name spelled differently in case caption). By Memorandum Opinion and Order entered on October 1, 2024, the Court dismissed their action, finding that the Court could not properly exercise jurisdiction over the complaint that sought federal intervention into state domestic-relations matters. (Doc. No. 12). The Court explained: "Plaintiffs' attempt to effectively remove custody proceedings to federal court by alleging illegal and corrupt case-administration and adjudication amounts to an invitation to this Court to "put [its] brethren of the state judiciary on trial." (Id. at PageID# 788). The Court noted that Petitioners are appealing from the judgment of the Putnam County Chancery Court and are each represented by their own attorney; in that case, appellate briefing was completed on September 23, 2024. (Id. at PageID# 784 & n.1). In the instant case, Petitioners seek a second or third bite at the apple, proverbially speaking, this time through habeas corpus law.

(extension of federal habeas corpus writ to challenges to state child custody decisions based on alleged constitutional defects collateral to actual custody decision would be unprecedented expansion of jurisdiction of lower federal courts); Jacobson v. Summit Cnty. Children Servs. Bd., 202 F. App'x 88, 90 (6th Cir. 2006) ("It is true that the scope of habeas relief has been expanded since the time of the Founders, but none of these expansions suggest that federal habeas was meant to encroach on the area of state child custody determinations.") (citing Lehman); Hall v. Beast, 116 F. App'x 557, 559 (6th Cir. 2004) (affirming the dismissal of the "plaintiffs' petition for a writ of habeas corpus ... brought to challenge the state's removal of the children from the home and to challenge the state's decisions pertaining to custody of the children" because the court lacked subject matter jurisdiction under Lehman).

Even if the pro se petition is construed liberally as naming the Robards' children as the petitioners, the minor children are not "in custody" either as that term is used in Sections 2241 and 2254. The petition does not allege that the children suffer any restrictions imposed by a state criminal justice system. "The 'custody' of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas corpus." Id. at 511. As alleged in the petition, the Robards' children are in the "custody" of their foster and/or adoptive parents in essentially the same way, and to the same extent, other children are in the custody of the natural or adoptive parents. See id. The Court lacks subject matter jurisdiction over the petition.[3]

---

[3] Petitioners allege that "RICO violations" allow the Court to "step in and put a stop to this." (Doc. No. 1 at PageID# 4). Petitioners further allege that "22 USCS § 9003 allows for district judges to step in and offer remedy for kidnapped children." (*Id.*) Petitioners' unsupported assertions of RICO violations do not support a different conclusion. Further, Petitioners' allegations do not support a finding that their children have been "kidnapped." Rather, the the allegations show that children have been removed from the custody of their biological parents, who strongly object to the removal.

4

## IV. CONCLUSION

For the reasons set forth above, the petition (Doc. No. 1) filed by Petitioners under Section 2241 is **DISMISSED** for lack of subject matter jurisdiction.

A habeas petitioner seeking to appeal must either pay the $605 filing fee required by 28 U.S.C. §§ 1913 and 1917 or seek leave to proceed in forma pauperis under to Federal Rule of Appellate Procedure 24(a). See Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, because the Court clearly lacks subject matter jurisdiction over Petitioners' claims, the Court **CERTIFIES**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is **DENIED**.

If Petitioners file a notice of appeal, they must pay the full $605 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE